USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
OSCAR MONZON,                           :
                        Petitioner,     :
                                        :    05 Civ. 1853 (DLC)
            -v-                         :
                                        :    MEMORANDUM OPINION
UNITED STATES,                          :        & ORDER
                        Respondent.     :
----------------------------------------X

DENISE COTE, District Judge:

On December 9, 2004, Oscar Monzon ("Monzon") filed a petition for a writ of habeas corpus to attack his conviction, entered following his trial in 2000. The majority of his claims were rejected in a decision of October 10, 2006. Monzon v. United States, No. 05 Civ. 1853 (DLC), 2006 WL 2883013 (S.D.N.Y. Oct. 10, 2006). On March 13, 2007, a hearing was held on the sole issue remaining as of that date, to wit, whether trial counsel had provided ineffective assistance by failing to advise the Government prior to trial that Monzon was willing to accept a plea offer with a guidelines range of 121 to 151 months. At the conclusion of the hearing, the Court made findings on the record and denied the petition. An Order of March 14 dismissed the petition.

Through an application received on April 3, Monzon requested a new hearing. The submission was treated as a timely motion for reconsideration, and the parties were given an

opportunity to brief that motion. For the reasons given below, the motion for reconsideration is denied.

BACKGROUND

In his petition, Monzon argued that his trial counsel failed to follow his instruction to accept a plea offer from the Government that included a stipulated guidelines range of 121 to 151 months' imprisonment. Monzon thereafter went to trial and following conviction was sentenced principally to life imprisonment.

To resolve this prong of Monzon's ineffective assistance of counsel claim, a hearing was held on March 13. Monzon, who was represented by assigned counsel ("Hearing Counsel"), testified at the hearing, as did his sister. The Government called Monzon's trial counsel as a witness. At the conclusion of the hearing, the Court found that the Government never made an offer with a guidelines range of 121 to 151 months' imprisonment, that trial counsel had never told Monzon that such an offer had been made, and that Monzon rejected the plea offer that had been extended to him, which was in the range of twenty years. In addition to relying on the documentary evidence received at the hearing, the Court found trial counsel's testimony to be credible and Monzon's testimony to be incredible and marked by shifting assertions. The Court also noted that Monzon's actions at the time of the trial and at sentence were inconsistent with

2

his claim that he had ever directed his attorney to accept an offer of 121 to 151 months' imprisonment.

In his motion for reconsideration, Monzon complains that Hearing Counsel did not (1) call as a witness the AUSA who represented the Government before trial; (2) research what sentences were given to his co-defendants; and (3) contact Monzon's sister before the hearing. He accuses Hearing Counsel of providing ineffective assistance.

DISCUSSION

Monzon's argument that Hearing Counsel provided ineffective assistance can be swiftly rejected. Because there is no right to counsel to assist in the prosecution of a habeas petition, there can be no violation of the Sixth Amendment's guarantee of effective assistance of counsel based on the conduct of habeas counsel. See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).

Turning to the three specific complaints raised by Monzon in his motion for reconsideration, he has not shown that the hearing should be reopened or that he should be given a new hearing to provide him with an opportunity to present additional evidence. Two of the three issues require only brief discussion. Monzon's sister did testify at the hearing. As a result, Monzon has not shown that Hearing Counsel's purported failure to contact her before the hearing had any impact on

3

Monzon's ability to present his sister's testimony at the hearing. As for his co-defendants' sentences, Monzon has not shown that evidence of those sentences would have altered the findings made following the hearing as to the plea offer extended to Monzon.

Finally, Monzon complains that the AUSA with whom his trial counsel first discussed a plea in 2000 should have been called as a witness at the hearing. Monzon has not offered any evidence that that AUSA's testimony would assist him. Indeed, the only documentary evidence from the discussions between that AUSA and trial counsel reflects consideration of guidelines ranges significantly higher than the range of 121 to 151 months that Monzon asserts was offered and accepted. The hearing evidence showed that, although no offer was made by that AUSA, the guidelines ranges that were under discussion between the AUSA and Monzon's counsel, as reflected in a contemporaneous document, were 188 to 235 months and 235 to 293 months. The AUSA who succeeded him and who represented the Government at trial was the first AUSA to convey a concrete offer to Monzon, and it is undisputed that Monzon rejected that offer.

In his August 10 reply to the Government's opposition to his motion for reconsideration, Monzon raises a host of other issues and makes a host of arguments based on the hearing evidence. Issues raised for the first time in a reply are

4

untimely and will not be considered. See United States v. Yousef, 327 F.3d 56, 115 (2d Cir. 2003).

CONCLUSION

Monzon's April 3, 2007 motion for a new hearing is denied. No certificate of appealability shall issue. Monzon has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). Moreover, any appeal from this order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss the petition.

SO ORDERED:

Dated:   New York, New York
         January 9, 2008

                                    _____
                                              DENISE COTE
                                    United States District Judge

Copies sent to:

Oscar Monzon  
Reg. No. 49173-054  
Metropolitan Detention Center  
80-29th Street  
Brooklyn, NY 11232

Joshua Klein  
Assistant United States Attorney  
Southern District of New York  
1 Saint Andrew's Plaza  
New York, NY 10007